IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| DRIVELINE SYSTEMS, LLC, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08 CV 50154 |
| ARCTIC CAT, INC., | ) Magistrate Judge Iain D. Johnston |
| Defendant/Counter-Plaintiff, | ) |
| v. | ) |
| DRIVELINE SYSTEMS, LLC, | ) |
| Counter-Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the plaintiff's motion for leave to file a third amended complaint. Dkt. 145. For the reasons set forth below, the motion is denied.

## DISCUSSION

On 6/20/2008, the plaintiff filed its complaint against the defendant in state court for damages relating to breach of a supply contract. Dkt. 1. The defendant filed a notice of removal to this Court on 7/25/2008. *Id.* Once the case was removed, the defendant filed a counterclaim against the plaintiff for breach of scheduling agreements. Dkt. 22. Thereafter, the plaintiff amended its complaint on 9/12/2012 [Dkt. 91] and again on 3/12/2013 [Dkt. 106].

Since the plaintiff filed its second amended complaint [Dkt. 106], the 3/14/2014 deadline to amend pleadings was extended twice on the plaintiff's motion. Dkts. 126, 131. Most recently, on 5/8/2014, the deadline to amend pleadings was extended to 8/29/2014. Dkt. 131. On 7/29/2014, the Court held a hearing on the defendant's motion for an extension of time to complete fact discovery. Dkt. 172. The Court granted the defendant's motion and specifically struck the deadlines for fact discovery, expert disclosures and dispositive motions. Dkt. 138. The deadline to amend pleadings was not raised in the motion nor mentioned during the hearing. Dkt. 172.

The defendant then filed a motion to compel. Dkt. 140. At the hearing on the motion to compel on 9/9/2014, while the parties were discussing their discovery dispute, in passing, the plaintiff informed the Court of its intent to file yet another amended complaint. Dkt. 173 at 14. The Court noted its surprise that a 2008 case would be amended in 2014. The plaintiff noted that the deadline to amend pleadings had been extended. *Id.* To the extent the plaintiff was implying that the date to file amended pleadings had been extended beyond 8/29/2014, as shown above, that representation was incorrect. (This should not be read to imply that the representation was a deliberate attempt to mislead the Court. It was simply wrong.) The defendant suggested that if the plaintiff was going to amend its complaint, it should do so quickly because it would likely affect discovery. Dkt. 173 at 20. The Court ordered the plaintiff to file the motion for leave to file an amended complaint by 9/29/2014 and attach the proposed amended complaint as an exhibit to the motion. Dkt. 143. The Court did so in order to allow it more time to review the request and to review the deadline previously set for amending pleadings. Dkt. 173 at 20, 21.

In accordance with this Court's order, the plaintiff filed its motion for leave to file a third amended complaint and exhibits on 9/29/2014. Dkt. 145. The plaintiff now seeks to: 1) add claims for consequential damages that were disclosed to the Defendant on 1/21/2014; 2) incorporate exhibits that were omitted from prior complaints; and 3) add a new, alternative claim for breach of the purchase order and scheduling agreement. The plaintiff argues that the instant motion is timely because it thought the amended pleading deadline was struck when the Court struck deadlines relating to fact discovery. Moreover, the plaintiff asserts that this Court explicitly granted it until 9/29/2014 to file its amended complaint.

The defendant objects to the amended complaint based on prejudice and delay. The defendant also argues that because the plaintiff was aware of its consequential damages in January 2014 and the claim for breach of the purchase order when it filed the original complaint, it lacks good cause to amend its complaint after the expiration of the 8/29/2014 deadline.

Federal Rule of Civil Procedure 15(a)(2) provides that after the time to amend pleadings once as a matter of right, "a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." However, when a scheduling order has been entered and the deadline to file amended pleadings has passed, the party seeking to amend must first demonstrate good cause under Rule 16(b)(4) before Rule 15(a)'s more liberal standard for amendment applies. *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). In determining whether good cause exists, the Court primarily considers the diligence of the party seeking to amend. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005). It is within the sound discretion of the District Court to grant or deny leave to amend. *See id.*; *see*

*also* Fed. R. Civ. P. 72(a) (the District Court should not modify or set aside a Magistrate Judge's ruling on a non-dispositive motion unless the factual findings are clearly erroneous or the ruling is contrary to law). The Court will address the application of each rule in turn.

### I. Rule 16 – Good Cause

In this case, the deadline for filing an amended pleading was 8/29/2014. Dkt. 131. The plaintiff's motion for leave to amend was first addressed on the fly in open – not by way of a presented motion – court on 9/9/2014, after the date to amend had passed. Dkt. 173 at 14. On 9/29/2014, pursuant to the Court's order requiring that the plaintiff file a motion for leave to amend, the plaintiff filed the pending motion. Dkt. 145. By filing this motion after the deadline, Rule 16(b)(4) governs.[1]

Under Rule 16(b)(4), the plaintiff has failed to show good cause to alter the 8/29/2014 deadline to amend pleadings. As stated above, the focus of Rule 16's "good cause" consideration is the diligence of the party seeking the amendment.

The plaintiff has failed to meet its burden of showing good cause under Rule 16. *See Trustmark*, 424 F.3d at 553 (movant bears the burden of showing good cause). First, the plaintiff does not assert good cause, but instead argues that Rule 16 does not apply because it believed the 8/29/2014 deadline to amend pleadings was struck on 7/29/2014. Although this Court extended the amended pleading deadline twice since the plaintiff's last amended complaint [Dkts. 126, 131], the amended pleading deadline was never extended beyond 8/29/2014 [Dkt. 131].

At the 7/29/2014 hearing, the Court focused solely on issues relating to fact discovery raised in the *defendant's* motion. Dkt. 172. The amended pleading deadline was not mentioned. *Id.* Furthermore, it is clear from this Court's order that the amended pleading deadline was not extended. Dkt. 138. The Court instead stated the following: "The fact discovery and Rule 26(a)(2)(C) disclosures deadline of 8/29/2014 is stricken. The dispositive motion deadline of 9/30/2014 is also stricken." *Id.*

The Court was unable to find any cases supporting the proposition that a plaintiff's confusion about a cut-off date establishes good cause under Rule 16. Additionally, the plaintiff was given multiple opportunities to amend its pleading and assert the new claims before the deadline. Rule 16 is designed to ensure that "at some point both the parties and the pleadings will be fixed." Rule 16, 1983 advisory committee's notes; *see also Johnson v. Methodist Med. Ctr. of Ill.*, 10 F.3d 1300, 1304 (7th Cir. 1993) (there must be a point at which a plaintiff makes a

---

[1] Even if the plaintiff filed its motion on 9/9/2014, when the plaintiff first informed the Court of its intent to do so, Rule 16(b)(4) would still apply because the deadline to amend had already passed.

commitment to the theory of its case). Deadlines are important. *Spears v. City of Indianapolis*, 74 F.3d 153, 157-58 (7th Cir. 1996). "A good judge sets deadlines, and the judge has a right to assume that deadlines will be honored. The flow of cases through a busy district court is aided, not hindered, by adherence to deadlines." *Id.* at 157.[2]

Second, the plaintiff asserts that Rule 16 does not apply because this Court explicitly granted it until 9/29/2014 to file the amended complaint. This is incorrect. On 9/9/2014, this Court ordered that: "Plaintiff shall file *the motion for leave* to file an amended complaint by 9/29/2014 and shall attach the proposed amended complaint as an exhibit to the motion for leave. The motion for leave shall be noticed for presentment at the status hearing set for 10/7/2014." Dkt. 143 (emphasis added). This Court ordered the plaintiff to file its motion for leave so that it could consider a fully developed written motion, rather than to rule on a verbal request made in passing during an extensive and hotly contested hearing on a motion to compel. Additionally, the Court set a hearing on the motion. The Court did not grant the plaintiff leave to file the amended complaint on 9/9/2014. See Fed. R. Civ. P. 15(a)(2) ("a party may amend its pleading only with the opposing party's written consent or the court's leave.").

Accordingly, because the plaintiffs failed to meet its burden of showing good cause under Rule 16, the motion is denied.

**II. Rule 15 – Delay and Prejudice**

Even under the less stringent standard of Rule 15, the Court denies leave to amend. In *Foman v. Davis*, 371 U.S. 178, 182 (1962), the U.S. Supreme Court identified a half dozen factors for federal courts to consider in determining whether to allow pleadings to be amended. But the two most important factors are delay and prejudice. *See Chavez v. Illinois State Police*, 251 F. 3d 612, 632-33 (7th Cir. 2001); *In re Ameritech Corp.*, 188 F.R.D. 280, 283 (N.D. Ill. 1999). In fact, delay and prejudice are related in the context of amending under Rule 15. *In re Ameritech Corp.*, 188 F.R.D. at 284.

**A. Delay**

Delay on its own is usually not reason enough for a court to deny a motion to amend; however, the longer the delay, the greater the presumption against granting leave to amend. *Soltys v. Costello*, 520 F.3d 737, 743 (7th Cir. 2008). According to the Seventh Circuit over twenty years ago, "Delays are a particularly abhorrent

---

[2] For a colorful history of the origins of the word "deadline," *see Brown v. McCabe & Pietzsch, P.A.*, 180 B.R. 325, 326 n. 1 (S.D. Ga. 1995); *see also* Schrier & Torres, *Before Midnight: Deadlines, Diligence, and the Practice of Law*, 68 The Federal Lawyer (December 2014).

feature of today's trial practice. They increase the cost of litigation, to the detriment of the parties enmeshed in it; they are one factor causing disrespect for lawyers and the judicial process; and they fuel the increasing resort to means of non-judicial dispute resolution." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (7th Cir. 1990).

Delay in this case can be measured from multiple starting points: from 2008, when the plaintiff first filed the complaint against the defendant; from 2012 and 2013, when the plaintiff amended its complaint but failed to attached all of the necessary exhibits; from 1/21/2014, when the plaintiff disclosed its consequential damages to the defendant; or from 5/8/2014, when the Court entered the scheduling order, requiring that amended pleadings be made by 8/29/2014. Regardless of the starting point, delay exists.

If 2008 is used as the starting point, then the plaintiff waited over six years after filing its original complaint to assert a new claim for breach of the purchase order and scheduling agreement. The plaintiff admits in its proposed complaint that the purchase orders were provided to the plaintiff before 1/2006 [Dkt. 145-1]. *See Park v. City of Chicago*, 297 F.3d 606, 613 (7th Cir. 2002) (affirming denial of motion to amend where the plaintiff unduly delayed in bringing a claim she knew or should have known about for six months). In relation to consequential damages, the plaintiff asserts it disclosed these damages to the defendant "at the very latest" by 1/21/2014. Dkt. 113. Therefore, the plaintiff waited at least seven months to assert a claim for consequential damages. This does not take into account when the plaintiff was first aware of these damages.

The plaintiff offers no real reason for its delay in not amending its complaint any earlier. The plaintiff relies largely on the argument that the amended complaint would not prejudice the defendant.

**B. Prejudice**

The plaintiff spends most of its brief arguing that the proposed amendment would not unduly prejudice the defendant. However, instead of focusing entirely on the prejudice, if any, to the defendant, the Court focuses on the prejudice that will be inflicted on it and the judicial system. *See Soltys*, 520 F.3d at 743.

Based upon the Court's experience with this case, the Court believes that amending the complaint will inevitably delay the ultimate resolution of this 2008 case, resulting in undue prejudice to the Court, and the other litigants seeking resolution of their disputes. The Court is confident that the amendment will affect discovery. Discovery already has been protracted and difficult. Since 2014, the parties have filed multiple motions to compel. Dkts. 127, 140, 176. Additionally,

the parties have filed multiple motions to extend discovery. Dkts. 124, 128, 132. The case is currently mired in an electronic discovery morass.

The Court is not convinced by the plaintiff's assertion that the amendments will not lengthen discovery. The plaintiff's incorporation of consequential damages into the new complaint has nearly doubled its request for relief in Count II. These new damages span a wide variety of losses that the plaintiff alleges it suffered as a result of the defendant's breach. Additionally, the plaintiff asserts a new, alternative breach of contract claim. Even though the plaintiff asserts the defendant was aware of these claims while previously pursing discovery, a more thorough review of the large volume of discovery would likely be necessary to defend against the claims.

A district court can deny amendments when concerned with the costs that protracted litigation places on the courts. *Fort Howard Paper Co. v. Continental Casualty Co.*, 901 F.2d 1373, 1380 (7th Cir. 1990). The interests of justice go beyond the interests of the litigants in a particular case; delay in resolving a case may harm other litigants by making them wait longer in the court queue. *Id.* The burden on the judicial system can justify a denial of a motion to amend even if the amendment would cause no hardship at all to the opposing party. *Perrian v. O'Grady*, 958 F.2d 192, 195 (7th Cir. 1992).

The Court finds that amending the complaint to add additional damages and a new claim for breach of contract will prejudice the Court and the judicial system, including the other litigants whose cases are proceeding through this Division.

Therefore, the Court finds that the plaintiff has not established grounds for granting leave to amend, and the motion [Dkt. 145] is denied.


Date: November 24, 2014              /s/    Iain D. Johnston
                                            United States Magistrate Judge