UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| Driveline Systems, LLC, | ) | |
|     Plaintiff/Counter-Defendant, | ) | |
| | ) | No. 08 CV 50154 |
| v. | ) | Magistrate Judge Iain D. Johnston |
| | ) | |
| Arctic Cat, Inc. | ) | |
| | ) | |
|     Defendant/Counter-Claimant. | ) | |

## ORDER

Plaintiff's motion to determine the sufficiency of answer and objection to request to admit fact no. 24 [255] is granted in part and denied in part. Defendant shall issue an updated answer as set out herein by 8/15/2016.

## STATEMENT

This case comes before the Court on a motion by plaintiff to determine the sufficiency of defendant's answer to plaintiff's twenty-fourth request to admit. Plaintiff's requests to admit were served pursuant to Rule 36, which states in relevant part concerning the other party's responsibility when answering:

> (4) Answer. If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest. The answering party may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny.
>
> (5) Objections. The grounds for objecting to a request must be stated. A party must not object solely on the ground that the request presents a genuine issue for trial.

Fed. R. Civ. P. 36(4)-(5). Rule 36's "function is to define and limit the matters in controversy between the parties." 8b Charles Alan Wright, et al., *Federal Practice and Procedure* § 2252 (3d ed.). The Rule permits placing a reasonable burden on

1

the respondent to discover the truth or falsity of an issue, but a party may reply that it cannot truthfully admit or deny the matter if discovery would be unreasonable. *Id.* at § 2261.

The request at issue here is:

Request No. 24: Admit that the following Bates stamped documents, attached hereto as Exhibit A, with the exception of Outlook headers on certain of the e-mails in a form similar to Exhibit B, are true and accurate copies of e-mails sent by the listed sender on the date listed thereon and received by the listed recipient(s): [followed by a list of a few hundred emails].

After boilerplate objections, defendant objected to the bulk of the request on several specific grounds (both in the answer itself and in the briefing on the instant motion), each of which the Court will take in turn.

Initially, defendant objects that Request No. 24 is not the twenty-fourth request, but is, instead, at least either the fifty-second or seventy-fifth request. The Court notes that this objection was only raised in the briefing to this Court, not as an objection in defendant's answer to the requests to admit. This typically results in waiver of the objection. *See id.* at § 2262 ("Objections must be made in writing within the time allowed for answering the request. If some requests are to be answered and others objected to, the answers and objections should be contained in a single document. A party who thinks a request improper is required to object thereto and to state the reasons for its objection. Failure to object to a request waives the objection." (footnotes omitted)). Here, defendant provides no basis to overlook its waiver, and therefore the issue is waived. Even if it were not, the Court is unconvinced. Defendant argues that the number of requests to admit is important because this Court limited requests to admit to fifty, and so plaintiff has allegedly exceeded this Court's allowed requests. Defendant arrives at the inflated numbers by splitting previous requests to admit, and Request No. 24, into multiple requests because those requests seek authentication of more than one document or category of documents. The use of a single request to admit the authentication of large groups of documents is commonplace and a useful way to avoid authentication and hearsay squabbles during trial. *See In re Peregrine Fin. Grp. Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *8 (N.D. Ill. Mar. 20, 2015). Any time or effort savings in this case may have been rendered academic by the parties' surprising need for this Court to adjudicate the instant motion, but nevertheless the practice itself is not out-of-line with normal practice under Rule 36.

Defendant also objected that the term "received" is not defined in the request to admit. Defendant complains that the word "received" could mean "received" the email or "received and reviewed" the email. Since the word "reviewed" is not

present, however, the intention of the drafter in using the word "received" is clear—if the drafter had wanted to know about receipt and review, he or she would likely have asked. This objection too is overruled.

Next, defendant objected that some of the documents attached were not emails at all or were emails from plaintiff's counsel to her assistant, and thus were not within the scope of the request. Plaintiff, in its motion, does not address those objections or documents. Having reviewed the referenced documents, the Court concurs with that objection as it relates to the emails from plaintiff's counsel to her assistant and defendant's answer as to those documents is sufficient. However, the other identified documents are all exhibits to the emails and thus make up part of the content of the emails. Thus, and defendant's answer as to those documents is insufficient.

Finally, the bulk of defendant's answer is that it cannot readily ascertain the truth or falsity of the emails because investigating whether each of the potentially hundreds of recipients "received" each email with that specific content on the date in question would be impossible, particularly given that some of the senders and recipients were not employees of defendant or are no longer employees of defendant. In part, the Court concurs. Specifically, it is outside the realm of reasonable investigation for defendant to determine the truth of the receipt date of emails for individuals who were never employees of defendant (some of whom were, in fact, employees of plaintiff). However, the bulk of the answer is insufficient. Defendant's argument is based on the premise that it must ask every single sender and recipient individually about each email, both the date of reception and the content, and that the age of the emails (most at or over a decade old) would make that process futile and incredibly burdensome. However, that premise is flawed—the emails in question were turned over from backup copies of data from defendant. Defendant has not argued that its backup data has been tampered with or is in any way unreliable. Defendant can relatively easily compare the data in its possession to the emails offered by plaintiff to determine if the sender, recipient lists, content, and date of receipt (again, not review, since that is not part of the request) for those senders and recipients who worked for defendant—and thus all the relevant data would be and always has been within defendant's control—are accurate. For that reason, the answer is insufficient and defendant must submit a revised answer pursuant to this ruling by August 15, 2016.

Date: 7/20/2016

_____
Iain D. Johnston, Magistrate Judge